

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        - v. -

FELIX STRASHNOV,
a/k/a "Felix Straton," and
MICHAEL AYNGORN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

INDICTMENT

07 Cr.

07 CRIM 1087

## COUNT ONE

(Conspiracy to Commit
Securities Fraud and Mail Fraud)

The Grand Jury charges:

**Relevant Persons and Entities**

     1. Empire Development Group, LLC ("EDG") purports to be a Delaware limited liability company organized on October 15, 2004, as Castle Hill Ventures LLC ("Castle Hill"). EDG purports to be "an enterprise focused on real estate acquisition, development and related activities." EDG claims that, as of October 23, 2006, "our sole activities have related to our role as the Managing Member of Empire Development Group Fund I, LLC, a real estate investment and development firm that has been in business since 2004."

     2. Empire Development Group Fund I, LLC ("EDGF") purports to be a "a start-up private real estate fund organized as a Delaware limited liability company." In 2004, EDGF identified Castle Hill as the "managing member" of EDGF, and

"Felix Straton" and Michael Ayngorn as principals of Castle Hill.

3. At relevant times, FELIX STRASHNOV, a/k/a "Felix Straton," the defendant, resided in Brooklyn, New York, and was a managing member of EDG.

4. At relevant times, MICHAEL AYNGORN, the defendant, resided in Brooklyn, New York, and was a managing member of EDG.

**Summary Of The Fraudulent Scheme**

5. As described more fully below, from in or about November 2004 through in or about June 2007, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, purported to offer investors membership interests packaged as "units" in EDGF and EDG. The defendants and their co-conspirators solicited purchases of the EDGF and EDG units by falsely representing that proceeds from sales of the units would be used to, among other things, purchase real estate for the benefit of EDG and EDGF. In truth and in fact, however, as the defendants well knew, instead of using investors' money to purchase real estate for the benefit of EDG and EDGF, STRASHNOV and AYNGORN spent most of the investors' money on STRASHNOV and AYNGORN's personal residences, cars, meals, gambling, and other items for themselves and their families.

6. To sell the EDG and EDGF units, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, engaged in the following false and fraudulent conduct to, among other things, conceal their actual use of investor funds:

(a) they disseminated materially false and misleading offering materials to potential purchasers of the EDG and EDGF units; and (b) they made and caused others to make materially false and misleading oral and written statements, and omitted to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

7.  During the fraudulent scheme, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, raised from more than approximately 100 investors approximately $3 million from sales of EDG and EDGF units.

### Misrepresentations In The Offering Memoranda

8.  From in or about November 2004 through in or about June 2007, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, distributed and caused to be distributed, by mail and interstate commercial carrier, to investors and potential investors throughout the United States (1) an October 23, 2006 private placement memorandum issued by EDG (the "EDG PPM") and (2) a November 1, 2004 private placement memorandum issued by EDGF (the "EDGF PPM").

9.  As described in paragraphs 12 and 13 below, the EDGF PPM falsely and fraudulently represented the following material facts, among others:

   a.  EDGF's "focus is on the acquisition and renovation/rehabilitation of bank and related foreclosure single-

3

family and multi-family residential properties located in and throughout New York City and Long Island" and "[f]ollowing renovation/rehabilitation, our portfolio properties will be either sold or held and managed as income-producing rental properties."

       b.  Proceeds of the offering would be used for "(i) cash investments in foreclosure-related investment properties, property rehabilitation construction costs, and related capital improvements, together with associated legal fees and closing costs, (ii) property casualty and liability insurance premiums, (iii) real estate market research and related foreclosure marketing expenses, and (iv) general administrative and overhead expenses of the Fund, including an annual management fee payable to our Managing Member, salaries payable to our Managing Directors, and Fund-related legal and accounting fees, including those associated with this Offering."

    10.  As described in paragraphs 12 and 13 below, the EDG PPM falsely and fraudulently represented the following material facts, among others:

       a.  EDG intended "to identify and pursue both undeveloped and previously developed real estate parcels in and throughout New York, New Jersey, Connecticut and Pennsylvania for development, renovation and/or rehabilitation, as appropriate, and to thereafter sell individual residential units we produce."

4

    b. Proceeds of the offering would be used for "(i) real estate market research and project feasibility studies, (ii) the acquisition of raw land and improved parcels, together with associated closing costs, (iii) development expenses, including without limitation legal services, architectural services, engineering services, building materials, building contractor services and other labor, and finance-related interest and costs, (iv) liability and other insurance premiums, (v) unit marketing expenses, and (vi) general working capital, including salaries payable to our executive officers, and the expenses associated with this Offering."

**Misrepresentations In Defendants' Letters<br>And Other Communications with Investors**

    11. In addition to disseminating the EDGF PPM and the EDG PPM, which contained false and misleading statements, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, made and caused to be made to investors and prospective investors other false and misleading statements. Among the materially false and misleading statements and material omissions made and caused to be made by the defendants to investors were the following:

    a. Oral statements to investors that, in substance, (1) EDG was a great company in the business of investing in buildings, (2) EDG was going to go public in the near future, (3) EDG had bought several properties, and (4) EDG

was already making money on some properties.

        b.    In or about December 2004, a letter from EDG addressed to "Shareholder" stating, in part, as follows:

> Over the last several weeks we have met with and formalized our acquisition team. This team is made up of Industry Professionals, in Construction, Mortgage Banking, Real Estate and Banking Intuitions [sic].
>
> * * *
>
> We feel that for Empire Development Group to rapidly grow, it is imperative to reduce the burn rate of the company as much as possible. Management has elected to defer salary compensation by 70% until the company has established enough revenue growth to allow management to draw salaries without affecting the overall business plan of the company.

        c.    In or about March 2005, a letter from EDG addressed to "Shareholder" reporting, among other things, that EDG had "take[n] immediate steps to start Development projects far ahead of schedule" and that it had "targeted 16 potential profitable projects, each property can yield profit margins from $65k to as high as $100k per project." The letter also stated, "We feel that our expected Revenue growth should exceed $18-21 Million with in [sic] 36 months of commercial operations, while achieving Working Capital in excess of $9-12 Million in that same time period."

        d.    In or about August 2005, a letter from

AYNGORN stating, among other things, that "Empire Development Group, has structured it's [sic] Fund to allow Investors the opportunity to receive every penny of their initial Investment back, then continue on to receive income distributions of Net proceeds for the life of the fund. Creating an Investment vehicle that provides long-term income potential as well as a focus on initial capital preservation."

   e. In or about November 2005, a document from EDG with the heading "Re: News Release" addressed to "Shareholders," stating, among other things, the following:

> Empire Development Group (EDG) is very pleased to announce that the company has registered with the Securities and Exchange Commission (SEC), as well as filing with the New York State Securities Investor Protection & Real Estate Financing Bureau.
>
> These registrations are the first major step to allow EDG to achieve Public Market status for the company's shares. . . .
>
> * * *
>
> Following the completion of EDG's 5 Million dollar Fund I Equity Financing, Management projections for Gross Revenue are expected to exceed 40 Million dollars within the next 5 years of Commercial Operations, as well as, growing Working Capital to over 20 Million dollars in the same time span.
>
> Management foresees the future of Empire Development Group to become a nationally recognized Real Estate Development Company. Which when introduced to the Public Market should be able to sustain a multi-million dollar Market Capitalization, allowing EDG stock to achieve a double digit position,

7

>with incredible future growth potential to
>follow.
>
>In appreciation for the continued support of
>our shareholders over the past year,
>Management has formulated plans to allow all
>Fund I shareholders to qualify their shares
>to be sold through the potential Public
>Offering of the Company. . . .

  f. In or about June 2006, a letter from EDG addressed to "Shareholders" stating (1) that "Management has begun formulating plans, to actively pursue several multi-property development projects in the New York tri-state area"; (2) that EDG's current focus was Bergen County, New Jersey, where the price ranges of properties "allow us to achieve profit margins in excess of 400-600 thousand dollars per project. Achieving a return on investment dollar of 75-125 percent"; and (3) "Management is actively pursuing plans to start development projects in the fast growing areas of Florida, Nevada and California."

### The Defendants' Actual Use Of Investor Funds

  12. The representations in the EDGF PPM and the EDG PPM described above in paragraphs 9 and 10, and the representations in the defendants' other communications with investors described above in paragraph 11 falsely and fraudulently represented how investors' funds would be used. In reality, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, identified as purported EDG and EDGF

8

investments only two properties: (1) AYNGORN's personal residence in Brooklyn, New York, and (2) a Fair Lawn, NJ property which was held in STRASHNOV's name. STRASHNOV and AYNGORN did not disclose to EDG or EDGF investors that investor funds would be used to purchase STRASHNOV and AYNGORN's personal residences that would be held in their names.

13. In addition, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, used most of money invested in EDG and EDGF to pay for STRASHNOV and AYNGORN's personal residences, cars, meals, gambling, and other items for themselves and their families. STRASHNOV and AYNGORN did not disclose to EDG or EDGF investors this use of investors' funds.

### The Conspiracy

14. From at least in or about November 2004 up to and including in or about June 2007, in the Southern District of New York and elsewhere, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and mail fraud, in violation of Title 18, United States Code, Section 1341.

9

## Objects of the Conspiracy

### Securities Fraud

15.  It was a part and object of the conspiracy that FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, and others known and unknown, unlawfully, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon the purchaser and seller, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

### Mail Fraud

16.  It was further a part and object of the conspiracy that FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN,

the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting to do so, unlawfully, wilfully and knowingly did place in a post office and authorized depository for mail matter matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carrier, and did take and receive therefrom, such matters and things, and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it is directed to be delivered by the person to whom it is addressed, such matters and things, in violation of Section 1341 of Title 18, United States Code.

### **Means and Methods of the Conspiracy**

17.  Among the means and methods by which FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, and others known and unknown, would and did carry out the conspiracy were the following:

   a.   The defendants and their co-conspirators made and caused others to make oral and written misrepresentations and omissions of material facts to purchasers

and prospective purchasers of EDG and EDGF units.

        b.    The defendants and their co-conspirators sold approximately $3 million of EDG and EDGF securities in the private placement offerings.

        c.    The defendants and their co-conspirators misappropriated most of the proceeds from the EDG and EDGF private placement offerings.

        d.    The defendants and their co-conspirators used means and instrumentalities of transportation and communication in interstate and foreign commerce, interstate wires, and the mails in furtherance of the scheme to defraud investors in the offerings of EDG and EDGF securities.

### Overt Acts

18.    In furtherance of the conspiracy and to effect the illegal objects thereof, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

        a.    On or about November 21, 2005, STRASHNOV and AYNGORN caused an individual to deliver by Federal Express a Form 99, notification of securities offering, to the New York State Office of the Attorney General, Investor Protection Bureau, in New York, New York.

        b.    In or about January 2006, STRASHNOV and

AYNGORN caused a private placement memorandum offering securities in Empire Development Group Fund I, LLC to be delivered to an individual in New York, New York.

   c. On or about May 4, 2007, STRASHNOV cashed a check from Empire Development Group, LLC, payable to "Felix Strashnov," in the amount of $9000.

   d. On or about May 15, 2007, AYNGORN cashed a check from Empire Development Group Fund I, LLC, payable to "Michael Ayngorn," in the amount of $9900.

  (Title 18, United States Code, Section 371.)

## COUNT TWO

### (Securities Fraud)

  The Grand Jury further charges:

  19. The allegations contained in paragraphs 1 through 13, and 17 and 18 of this Indictment are repeated and realleged as if fully set forth herein.

  20. From at least in or about November 2004 up to and including in or about June 2007, in the Southern District of New York and elsewhere, FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN, the defendants, unlawfully, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ

manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, STRASHNOV and AYNGORN made material misrepresentations and omissions in the course of selling unregistered securities in Empire Development Group Fund I, LLC and Empire Development Group, LLC.

> (Title 15, United States Code, Sections 78j(b) & 78ff;
> Title 17, Code of Federal Regulations, Section 240.10b-5, and
> Title 18, United States Code, Section 2).

### FORFEITURE ALLEGATION FOR COUNTS ONE AND TWO

21. As the result of committing one or more of the offenses alleged in Counts One and Two (i.e., conspiracy to commit securities fraud and mail fraud, in violation of Title 18, United States Code, Section 371; and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2), defendants FELIX STRASHNOV, a/k/a "Felix Straton," and MICHAEL AYNGORN shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C)

and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

### Substitute Asset Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, Title 28 United States Code, Section 2461 and Title 18, United States Code, Sections 371 and 2, Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5).

_____        _____
FOREPERSON                              MICHAEL J. GARCIA
                                        United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA**

- v. -

**FELIX STRASHNOV,**
a/k/a "Felix Straton" and
**MICHAEL AYNGORN,**

Defendants.

---

INDICTMENT

07 Cr.

(Title 18, United States Code,
Sections 371, 2; Title 15, United States
Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations,
Sections 240.10b-5.)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

---

[handwritten: 12/3/07  Indictment filed, case assigned to judge Jones.  F Maas, USMJ]