AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN    District of    NEW YORK

UNITED STATES OF AMERICA         JUDGMENT IN A CRIMINAL CASE
V.
FELIX STRASHNOV

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/20/10
```

Case Number:    07CR1087-01 (BSJ)

USM Number:    Awaited

Daniel J. Ollen / AUSA Andrew Fish
Defendant's Attorney

**THE DEFENDANT:**

x  pleaded guilty to count(s)  One and Two

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Securities Fraud and Mail Fraud, class D felony | 6/30/2007 | One |
| 15 USC 78ff and 78j(b) | Securities Fraud, class C felony | 6/30/2007 | Two |

   The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s)      _____   ☐ is   ☐ are  dismissed on the motion of the United States.
☐ Underlying    _____   ☐ is   ☐ are  dismissed on the motion of the United States.
☐ Motion(s)     _____   ☐ is   ☐ are  denied as moot.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 3, 2009
Date of Imposition of Judgment

/s/ Barbara S. Jones
Signature of Judge

Honorable Barbara S. Jones, U.S.D.J.
Name and Title of Judge

1-19-2010
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

**DEFENDANT:** FELIX STRASHNOV
**CASE NUMBER:** 07CR1087-01 (BSJ)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    63 months

The defendant is sentenced to 63 months on count one and 63 months on count two. Both terms shall run concurrently for a total term of 63 months imprisonment.

- [x] The court makes the following recommendations to the Bureau of Prisons:
   The defendant shall be designated to the Lewisburg Camp and shall participate in a drug and alcohol treatment program.

- [ ] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ ☐ a.m. ☐ p.m. on _____.
  - [ ] as notified by the United States Marshal.

- [x] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [x] before 2 p.m. on    February 5, 2010    .
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

**DEFENDANT:**     FELIX STRASHNOV
**CASE NUMBER:**   07CR1087-01 (BSJ)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     3 years

The defendant is sentenced to 3 years of supervised release on count one and 3 years on count two. Both terms shall run concurrently for a total supervised release term of 3 years.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

x    The above drug testing condition is suspended, due to imposition of a special condition requiring drug treatment and testing.

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

x    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: FELIX STRASHNOV
CASE NUMBER: 07CR1087-01 (BSJ)

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include urine testing at the direction and discretion of the probation officer.

The defendant shall obey the immigration laws and comply with the directives of immigration authorities.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

> The defendant shall provide the probation officer with access to any requested financial information.

> The defendant is to report to the nearest Probation Office within 72 hours of release from custody.

If the defendant is sentenced to any period of supervision, it is recommended that the defendant be supervised by the district of residence.

It is ordered that the defendant make restitution to such persons totaling $2,791,593 except that no further payment shall be required after the sum of the amount actually paid by all defendants has fully covered all of the compensable injuries. Any payment made by the defendant shall be divided among the persons named in proportion to their compensable injuries. The following co-defendant is jointly and severally responsible for restitution:

Michael Ayngorn 07cr1087-02 (BSJ)

If the defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25 per quarter toward the criminal financial penalties. However, if the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. 545.11.

The balance of the restitution shall be paid in monthly installments of 15% of the defendant's gross monthly income over a period of supervision to commence 30 days after the release from custody. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

**DEFENDANT:** FELIX STRASHNOV
**CASE NUMBER:** 07CR1087-01 (BSJ)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | Restitution    |
|--------|------------|--------|----------------|
| TOTALS | $ 200.00   | $0.00  | $ 2,791,593.00 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| TOTALS | $         $0.00 | $         $0.00 |  |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  x   the interest requirement is waived for    ☐ fine   x restitution.

  ☐   the interest requirement for    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

**DEFENDANT:** FELIX STRASHNOV
**CASE NUMBER:** 07CR1087-01 (BSJ)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  x  Lump sum payment of $ 200.00 due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined    ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;

F  x  Special instructions regarding the payment of criminal monetary penalties:

   Please see page 4 for restitution payment instructions.

   The balance of the restitution shall be paid in monthly installments of 15% of the defendant's gross monthly income over a period of supervision to commence 30 days after the release from custody.
   The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

x  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

   Michael Ayngorn 07cr1087-02 (BSJ) $2,791,593.00


☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

x  The defendant shall forfeit the defendant's interest in the following property to the United States:
   Please see page 6A for order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :
                                    :
           -v.-                     :    ORDER OF FORFEITURE
                                    :
FELIX STRASHNOV,                    :
a/k/a "Felix Straton,"              :    07 Cr. 1087 (BSJ)
                                    :
           Defendant.               :
                                    :
- - - - - - - - - - - - - - - - - -x
```

WHEREAS, on or about December 3, 2007, FELIX STRASHNOV, a/k/a "Felix Straton," (the "defendant"), was charged in a two-count Indictment 07 Cr. 1087 (BSJ) (the "Indictment") with conspiracy to commit securities fraud and mail fraud, in connection with a scheme to defraud by purporting to offer investors membership interests packaged as "units" in Empire Development Group, LLC ( "EDG"), and Empire Development Group Fund I, LLC ("EDGF"), in violation of Title 18, United States Code, Section 371 (Count One); and with securities fraud, in connection with a scheme to defraud by purporting to offer investors membership interests packaged as "units" in EDG and EDGF, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Two);

WHEREAS, the Indictment included a forfeiture

allegation seeking, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense;

WHEREAS, on or about March 27, 2009, the defendant, pled guilty to the Indictment and to the forfeiture allegation;

WHEREAS, on or about December 3, 2009, the defendant was sentenced and ordered to forfeiture of $2,791,593 in United States currency; and

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offenses in the Indictment, for which the defendant pled guilty, a money judgment in the amount of $2,791,593 shall be entered against the defendant, as part of his criminal sentence.

2.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final as to the defendant, FELIX STRASHNOV, and is deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

3.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property,

including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007.

5. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit any payments made on the money judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

7. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
December 3, 2009     SO ORDERED:

/s/ Barbara S. Jones
HONORABLE BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

4